IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| HERMELINDA ELMES LOPEZ<br>*On behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>MISS TORTILLAS, INC. and<br>MARCELO OCAMPO,<br><br>Defendants. | COMPLAINT |

## **PRELIMINARY STATEMENT**

1. This is an action brought by Hermelinda Elmes Lopez ("Plaintiff") on behalf of herself and all other similarly situated employees against their former employer. The Plaintiff and her coworkers worked for a bakery, Miss Tortillas, Inc. ("Miss Tortillas").

2. Defendants are the bakery and the individual who owns and operates the bakery.

3. Based on the Plaintiff's claims under 29 U.S.C. § 207 of the Fair Labor Standards Act ("FLSA") on behalf of herself and her similarly situated co-workers, she seeks payment of back wages and an equal amount of liquidated damages, attorneys' fees and costs under 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337 (interstate commerce), 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

1

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because, at all times relevant to this Complaint, regular and substantial business activities of all Defendants occurred in Durham County, and all of the events or omissions giving rise to the Plaintiff's claims took place within the jurisdiction of the Middle District of North Carolina.

## PARTIES

7. Plaintiff Hermelinda Elmes Lopez (hereinafter "Elmes Lopez") is a natural person who was employed by Defendants from approximately 2005 through 2024.

8. Elmes Lopez and her coworkers were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e), during each workweek in which they performed work for Defendants.

9. Elmes Lopez was engaged in commerce and/or was employed by Defendants as part of an enterprise of Defendants that was engaged in interstate commerce.

10. Defendant Miss Tortillas is a limited liability corporation organized under the laws of the state of North Carolina with its principal place of business at 3801 Wake Forest Highway Unit 106, Durham, North Carolina 27703. Its registered agent is Marcelo Ocampo.

11. Defendant Miss Tortillas is a bakery and market in Durham, North Carolina.

12. Defendant Marcelo Ocampo is a natural person who resides in Youngsville, Granville County, North Carolina.

13. Defendant Ocampo operates Miss Tortillas on a day-to-day basis, including scheduling employees, overseeing the work of employees at the bakery, recruiting and hiring employees, setting the hourly pay rate for employees, signing paychecks, and disciplining and firing employees.

14. At all times relevant to this action, Defendant Ocampo exercised the authority to direct, control, and/or supervise the work of Plaintiff and her similarly situated co-workers and was an employer of Plaintiff and her co-workers within the meaning of 29 U.S.C. §§ 203(d) and (g).

15. At all times relevant to this action, Defendant Miss Tortillas had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

16. Upon information and belief, at all times relevant to this action, Defendant Miss Tortillas had an annual gross volume of sales made or business done of more than five hundred thousand dollars ($500,000).

## FACTUAL ALLEGATIONS

17. At all times relevant to this Complaint, Defendants employed approximately nineteen workers at Miss Tortillas.

18. Plaintiff Elmes Lopez was hired by Defendant Miss Tortillas in approximately 2005 as a cashier. In 2018, she became a cook.

19. When Plaintiff started, she received a salary rather than an hourly wage. Around 2021, she started receiving an hourly wage of $12 per hour.

20. Plaintiff's hourly wage increased from $12 per hour to $14.50 around 2022, and then increased to $15 per hour in May of 2024.

21. As a cook, Plaintiff Elmes Lopez usually worked more than forty hours per week at Miss Tortillas, normally working approximately fifty-eight hours per week.

22. Elmes Lopez's coworkers had a similar schedule, normally working more than forty hours per week, up to seventy hours per week.

23. Plaintiff Elmes Lopez usually worked from 6 A.M. until 5 P.M. five days per week, with a fifteen-minute break for lunch. She typically worked on Sundays from 5 A.M. until 10 A.M.

24. Defendants paid Plaintiff by check for the first 80 hours of her work in each biweekly pay period, and then Defendant paid plaintiff for the remaining hours in cash.

25. Plaintiff received pay statements displaying workweeks just under eighty hours per pay period, despite working approximately one hundred eighteen hours per pay period.

26. Defendants paid Plaintiff and her coworkers a flat hourly rate regardless of how many hours they worked. Defendants had a practice or policy of not paying the Plaintiff or her coworkers one and a half times their regular rate of pay for hours worked over forty in a workweek.

27. For example, in the week ending on November 3, 2024, Defendant paid Plaintiff by check for 79.90 hours of work at $15 an hour. Defendant then paid Plaintiff in cash for an additional thirty-six hours at $15 an hour. Defendant did not pay Plaintiff the required overtime wage rate.

28. Plaintiff stopped working at Miss Tortillas in November 2024 after she was assaulted by a coworker.

### FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff Elmes Lopez seeks to bring her claims under the FLSA pursuant to the collective action procedures specified in 29 U.S.C. § 216(b) on behalf of herself individually and all other similarly situated employees of Defendants who, in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action, were

4

or will work for Defendants at Miss Tortillas, and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b) ("Overtime Collective Action"). They seek unpaid overtime wages and liquidated damages.

30. Defendants willfully failed to pay Plaintiff and the putative members of the Overtime Collective Action the overtime wages owed to them.

### FIRST CLAIM FOR RELIEF: FLSA OVERTIME

31. Paragraphs 1 through 30 are realleged and incorporated by reference by the Plaintiff.

32. Defendants willfully failed to pay Plaintiff Elmes Lopez and her similarly-situated co-workers one and one-half times their regular rate of pay for all hours worked over forty in a workweek, in violation of 29 U.S.C. § 207.

33. The overtime violations described in ¶ 32 occurred because Defendants paid Plaintiff and their other employees each a flat hourly rate that was the same for overtime and non-overtime hours.

34. Upon information and belief, Defendants knew or showed reckless disregard as to whether their conduct was prohibited by the FLSA and its accompanying regulations.

35. As a result of Defendants' actions, Plaintiff and her similarly-situated co-workers suffered damages in the form of unpaid overtime damages and liquidated damages that may be recovered from Defendants under 29 U.S.C. § 216(b).

36. Plaintiff seeks to bring her claims under the Fair Labor Standards Act on behalf of herself individually, and all others similarly situated employees of Defendants who worked in excess of forty hours for Defendants in any workweek within the three years immediately preceding the filing of this Complaint who timely file (or have already filed) a written consent to be a party pursuant to 29 U.S.C. § 216(b). Plaintiff's consent to sue form is attached as Exhibit 1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Court:

1. Enter an order finding that this Court has jurisdiction over Plaintiff's claims;

2. Certify this action as a collective action under 29 U.S.C. § 216(b) with respect to the FLSA class defined in ¶ 29 of this Complaint;

3. Enter a judgment against Defendants Miss Tortillas and Ocampo, jointly and severally, and in favor of the Plaintiff and her similarly situated co-workers for compensatory damages under the First Claim for Relief in an amount equal to the total of the unpaid overtime wages due under 29 U.S.C. §207, plus an equal amount as liquidated damages under 29 U.S.C. § 216(b);

4. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that Defendants violated the Plaintiff's rights under the FLSA;

5. Award Plaintiff the costs of this action against Defendants Miss Tortillas and Ocampo, jointly and severally;

6. Award Plaintiff reasonable attorneys' fees under 29 U.S.C. § 216(b), against Defendants Miss Tortillas and Ocampo, jointly and severally;

7. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

8. Grant such other relief as the Court may deem just and proper.

This the 11th day of July, 2025.

Respectfully submitted,

NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC  27611
919-856-2144

919-856-2175 (fax)

BY:
    /s/ Carol L. Brooke
    Carol L. Brooke
    carol@ncjustice.org
    Attorney at Law
    NC Bar # 29126

7

Case 1:25-cv-00594-CCE-JEP     Document 1     Filed 07/11/25     Page 7 of 7